IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

SHELBY L. WILLIAMS      *
      Plaintiff,      *
vs.      *
                            CASE NO. 3:05-CV-110(CDL)
      *
IRA EDWARDS, JR., as Sheriff
of Athens-Clarke County      *
      Defendant.      *

O R D E R

Presently before the Court is Defendant's Motion for Summary Judgment (Doc. 8). For the reasons set forth below, this motion is granted.

FACTUAL BACKGROUND

The facts of this case are not seriously disputed. On February 14, 2003, Judge Joseph J. Gaines of the Superior Court of Athens-Clarke County, Georgia entered a contempt order against Plaintiff Shelby L. Williams. Finding Plaintiff in arrears on his court ordered child support payments, Judge Gaines ordered that he be confined until he submitted the delinquent amounts to the Child Support Recovery Unit. On May 23, 2003, Plaintiff was arrested and transported to the Clarke County Jail.[1]

---

[1] Defendant Ira Edwards, Jr. ("Defendant" or "Sheriff Edwards") is the sheriff in charge of the Clarke County Jail.

Plaintiff remained in custody until September 10, 2003, when Superior Court Judge David R. Sweat ordered his release.[2] For reasons unknown to either of the parties, Plaintiff was not released as ordered on September 10. He immediately "began to inquire of officers at the Athens-Clarke County Jail about [his] continued confinement." (Pl.'s Aff. ¶ 9.) According to Plaintiff, "[e]ach of these officers assured [him] that they would check on [his] status, but . . . no officer ever discovered that a release order had been issued." (*Id.*) There is no evidence that either Plaintiff or any of the officers at the jail ever spoke with Sheriff Edwards regarding Plaintiff's confinement.

Prior to his release, Plaintiff also placed several direct phone calls to the Sheriff's Department. The last of these calls occurred on the morning of November 7, 2003. Although he cannot identify the person with whom he spoke, Plaintiff contends that "this person located [his] release order, and [] informed [him] that [it] had been placed in some other person's file." (*Id.* ¶ 11.) Shortly thereafter, the records technician at the Clarke County Jail received a faxed copy of the release and immediately began to process the order. (*See* Driskell Aff. ¶¶ 4-7.) Within twenty minutes of his initial telephone conversation, Plaintiff was released from confinement. (*See* Pl.'s Aff. ¶ 11.) There is no record of Judge

---

[2]Judge Sweat's release order indicates that Plaintiff was "unable to pay the amount [necessary] to purge himself of his contempt[.]" (Def.'s Mot. Summ. J. Ex. F.)

2

Sweat's order ever having arrived at the Clarke County Jail prior to November 7, 2003. (*See* Burke Aff. ¶¶ 4-5; Driskell Aff. ¶¶ 4-5.)

Plaintiff alleges in his Complaint that his continued confinement after the entry of Judge Sweat's order amounted to false imprisonment and an unconstitutional deprivation of his legal rights under the Fourteenth Amendment to the United States Constitution. He specifically alleges that Sheriff Edwards, "through and by virtue of his office as Sheriff of Athens-Clarke County, Georgia," is liable under 42 U.S.C. § 1983 for violating Plaintiff's "right not to be deprived of liberty without due process of law."[3] (Compl. ¶¶ 13-14.) Sheriff Edwards removed the case to this Court pursuant to 28 U.S.C. § 1441(c) based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.[4] He now asserts a qualified immunity defense and asks this Court to grant summary judgment on Plaintiff's claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a

---

[3]Sheriff Edwards is the only named Defendant, and Plaintiff concedes that he is suing Defendant in his individual capacity alone. (*See* Pl.'s Br. on Def.'s Mot. Summ. J. 6.) In addition, although his initial allegations included a Fourth Amendment-based § 1983 claim, "Plaintiff [now] acknowledges that . . . the Fourth Amendment . . . does not apply in this case." (*Id.* at 2.)

[4]28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3

matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing that there is no genuine issue of material fact, and may do so by pointing to an absence of evidence to support an essential element of the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). Once the moving party has met its burden, the burden shifts to the nonmoving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. The reviewing court should grant summary judgment only if the combined body of evidence, viewed in the light most favorable to the nonmoving party, would not permit a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

## DISCUSSION

The qualified immunity defense provides government officials performing discretionary functions with complete protection from damages liability "'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hartley v. Parnell*, 193 F.3d 1263, 1268 (11th Cir. 1999) (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "To receive qualified immunity, a government official first must prove that he was acting within his discretionary authority." *Cottone v. Jenne*, 326 F.3d 1352, 1358-59 (11th Cir. 2003) (internal citation omitted). Although a defendant traditionally bears the

4

burden of establishing his defenses, "[o]nce a defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that the defendant is *not* entitled to qualified immunity."  *Id.* at 1358 (emphasis added).

The Court finds that Sheriff Edwards was acting within his discretionary authority at all times relevant to the present action.[5] Thus, it is Plaintiff's burden to present sufficient evidence that Sheriff Edwards is not entitled to qualified immunity. The first step in deciding this issue requires the Court to decide "'whether the plaintiff has [established] the deprivation of an actual constitutional right . . . .'"  *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (*citing Conn v. Gabbert*, 526 U.S. 286, 290 (1999)).  If the Court finds in Plaintiff's favor,[6] it may then "'proceed to determine whether [the] right [violated] was clearly established at the time of the alleged violation.'"  *Id.*; *Cannon v. Macon County*, 1 F.2d 1558,

---

[5]Plaintiff disputes this fact, arguing that "[i]t does not seem possible that Defendant can be said to have acted in a discretionary fashion in keeping Plaintiff confined in jail for almost two months past the time for his release."  (Pl.'s Br. on Def.'s Mot. Summ. J. 4.) However, "[t]he fact that the right circumstances ([for retaining an inmate]) may not have been present in this case is irrelevant . . . ." *Gray v. Bostic*, 458 F.3d 1295, 1304 (11th Cir. 2006).  In his affidavit, Sheriff Edwards describes "the operation of the Clarke County Jail[]" as "[o]ne of [his] ultimate responsibilities[,]" (Def.'s Aff. ¶ 4) and it is clear that supervising the release of inmates is part of the overall operation of the Clarke County Jail.

[6]"[T]he Fourteenth Amendment does not require a remedy when there has been no 'deprivation' of a protected interest." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) [hereinafter *Davidson*].

5

1562 (11th Cir. 1993) [hereinafter *Cannon*]; *Hartley*, 193 F.3d at 1270-71.

Plaintiff bases his § 1983 claim on an alleged violation of his Fourteenth Amendment right to be free from a deprivation of liberty without due process of law. Specifically, Plaintiff contends that (1) he had a right to be released upon entry of Judge Sweat's order and (2) Defendant knew or should have known that Plaintiff was entitled to a release. Although Sheriff Edwards concedes that Plaintiff was entitled to a release, he disputes that he either knew or should have known as much. Consequently, Defendant argues that he cannot be held liable under § 1983 because he did not cause the deprivation of Plaintiff's right to liberty. Where an alleged due process violation is substantive in nature, "[t]he defendant's state of mind is [] relevant" and "a showing of deliberate indifference is required to establish a violation. . . ." *Cannon*, 1 F.3d at 1563. Put differently, before a plaintiff's injury can rise to the level of a constitutional harm, he must establish that the injury was caused by "the sort of abusive government conduct that the Due Process Clause was designed to prevent." *Davidson*, 474 U.S. at 347-38.

The Supreme Court has spoken extensively on the degree of government conduct necessary to effect a constitutional injury. In *Daniels v. Williams*, 474 U.S. 332 (1986), the Court observed that "[h]istorically, [the Due Process Clause] . . . has been applied to *deliberate* decisions of government officials" and "the arbitrary

exercise of the powers of government." *Id.* at 331. The Court then determined that where "a *negligent* act of an official caus[es] unintended loss or injury to life, liberty, or property[,]" the Due Process Clause "is simply not implicated." *Id.* at 328; *see also Cannon*, 1 F.3d at 1563 ("[N]egligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property.").

In the present action, there is no dispute that on September 10, 2003, Plaintiff had a legitimate right to be released from the Clarke County Jail. It is also undisputed that he was deprived of this right until November 7, 2003. Although the Court empathizes with Plaintiff's predicament, Plaintiff has failed to produce any evidence from which a reasonable jury could conclude that Sheriff Edwards caused this deprivation. Plaintiff provides uncontested evidence that (1) he spoke with multiple officers in protest of his continued confinement, (2) each of these officers promised to investigate his claims, and (3) on November 7, 2003, someone finally located Judge Sweat's order in another inmate's file and Plaintiff was released. (*See generally* Pl.'s Aff.) However, none of these facts establish that Sheriff Edwards either knew or should have known that Plaintiff was being held unlawfully. In fact, Sheriff Edwards specifically denies such knowledge:

> I did not know and do not know [Plaintiff]. . . [,] I was not aware of the order of Judge Sweat . . . , [] I am not personally aware of the circumstances under which [Plaintiff] was released . . . [, and] I had no information

7

> of any kind that [Plaintiff] remained in custody from the
> date of Judge Sweat's order until November 7, 2003.

(Def.'s Aff. ¶ 6.) There is nothing in the record to indicate that anyone, including Plaintiff, ever informed Sheriff Edwards of the possibility that Plaintiff's continued confinement was unlawful. Consequently, no reasonable jury could find that Sheriff Edwards "deprived" Plaintiff of his protected right to liberty.

Furthermore, to the extent that any of Sheriff Edwards's subordinate officers acted unconstitutionally,[7] Plaintiff has failed to establish that Defendant is subject to supervisory liability. It is well established that a supervisory official may be liable for the unconstitutional acts of his subordinates if he "personally participates in the alleged constitutional violation or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *Hartley*, 193 F.3d at 1269 (internal citation omitted). As this Court previously noted, there is no evidence that Sheriff Edwards personally participated in depriving Plaintiff of his liberty right, and thus any supervisory liability would have to hinge on the existence of a genuine issue on the "causal connection" theory.

---

[7]The Court does not suggest this to be the case. It is clearly established that "detention pursuant to a valid warrant but in the face of protests . . . does not necessarily deprive one of liberty without due process[]" and that "those responsible for maintaining custody of detainees are not constitutionally required 'to investigate independently every claim of [wrongful confinement] . . . .'" *Cannon*, 1 F.3d at 1562 (*citing Baker v. McCollan*, 443 U.S. 137, 146 (1979)).

8

A § 1983 plaintiff can establish a "causal connection" between a supervisor's actions and his suffered deprivation in one of two ways:

> The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences. [Cit.] In addition, the causal connection may be established and supervisory liability imposed where the supervisor's improper "custom or policy . . . result[s] in deliberate indifference to constitutional rights."

*Id.* (internal citations omitted) (omission and alteration in original). Here, there is a complete lack of evidence to support either of these two bases for liability. Plaintiff presents no evidence of any other cases in which an inmate of the Clarke County Jail was held unlawfully. Accordingly, there is nothing that would have apprised Sheriff Edwards of a need to correct or amend the procedures for retaining and releasing inmates; nor is there any evidence that Sheriff Edwards promoted any custom or policy which could have led officers to believe that he would allow the retention of inmates beyond their court-ordered term. Accordingly, Plaintiff cannot establish that Sheriff Edwards deprived him of liberty, and Defendant is entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, the Court finds that Sheriff Edwards is entitled to qualified immunity and is immune from suit on

Plaintiff's 42 U.S.C. § 1983 claim. Accordingly, Defendant's Motion for Summary Judgment (Doc. 8) is granted with respect to that claim. Having disposed of all federal claims in this case, the Court declines to exercise jurisdiction over Plaintiff's state law claims. Those claims are therefore dismissed without prejudice.

IT IS SO ORDERED, this 14th day of February, 2007.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE